IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL R. COUSINS, | : |
| Petitioner, | : |
| v. | : C.A. No. 12-490-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.    BACKGROUND**

Pending before the Court is Petitioner Daniel R. Cousins' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application"), in which Petitioner asserts various constitutional errors associated with his convictions in 2000 for first degree rape, fourth degree rape, and first degree unlawful sexual contact. (D.I. 3) Petitioner was denied habeas relief for these same convictions on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed his first application as time-barred. *See Cousins v. Carroll*, Civ. Act. No. 05-212-JJF (Del. May 19, 2006). Petitioner appealed the denial of his first application. In December, 2006, the Court of Appeals declined to issue a certificate of appealability and terminated the appeal. (D.I. 22) Petitioner filed the instant habeas Application in April, 2012. (D.I. 3)

**II.    LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant

to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.    DISCUSSION

Petitioner has requested, and has been denied, federal habeas relief with respect to his 2000 convictions and sentences on one prior occasion, which constitutes an adjudication on the merits. Because Petitioner asserted, or could have asserted, the instant arguments in his first application, the Court concludes that the instant Application constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Court of Appeals authorized the filing of the pending Application. Accordingly, the Court will dismiss the Application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss Petitioner's Application for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: February 21, 2013

_____
UNITED STATES DISTRICT JUDGE